IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02878

AMERICAN HUMANIST ASSOCIATION, INC.,
and JOHN DOE, individually, and as a parent and next friend of DOECHILD-1 and DOECHILD-2, minors,
and DOECHILD 1, a minor
and DOECHILD 2, a minor
and JACK ROE, individually, and as a parent on behalf of a minor,
and JILL ROE, individually, and as a parent on behalf of a minor,
and JANE ZOE, individually, and as a parent on behalf of a minor,

*Plaintiffs*, v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
and DOUGLAS COUNTY BOARD OF EDUCATION,
and ELIZABETH CELANIA-FAGEN, individually, and in her official capacity as Superintendent of Douglas County School District,
and JOHN GUTIERREZ, in his official capacity as Principal of Cougar Run Elementary School,
and JERRY GOINGS, in his official capacity as Principal of Highlands Ranch High School
and MICHAEL MUNIER, in his individual capacity,
and WENDY KOCESKI in her official capacity as Elementary Principal of SkyView Academy,
and LISA NOLAN, in her official capacity as Executive Director of SkyView Academy,

*Defendants*.

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED BY PSEUDONYMS**

---

Plaintiffs, by and through undersigned counsel, submit this Memorandum in Support of Plaintiffs' Motion to Proceed by Pseudonyms. This 42 U.S.C. § 1983 Establishment Clause lawsuit challenges Defendants' policy, practice and custom of advancing, endorsing and affiliating the school district with evangelical Christian organizations and their proselytizing

1

activities. The individuals for whom pseudonyms are sought are the parents of minor children enrolled as students in the Douglas County School District (hereafter "School District") and several minor children themselves. Disclosure of the true names of the parents and, through them, disclosure of the identity of the children, is a serious invasion of privacy and has the potential to result in significant harm. This motion seeks to protect Plaintiffs from the physical and mental harm, harassment, bullying and social stigma that would attach to their being publicly identified as the plaintiffs in a sensitive separation of church and state case against their school district. This Motion is unopposed by all of the Defendants except for the SkyView Academy Defendants (Michael Munier, Wendy Koceski and Lisa Nolan).

In reviewing a motion to proceed anonymously, district courts are to assess the following factors, the presence of even one of which can be sufficient to grant the motion: (1) whether it will preserve privacy in a matter of sensitive and highly personal nature; (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;" (3) "the ages of the persons;" (4) "whether the action is against a governmental or private party;" and (5) "the risk of unfairness to the opposing party." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). *See Doe v. Heil*, 2008 U.S. Dist. LEXIS 94551, 6-7 n.1 (D. Colo. Nov. 13, 2008) (looking to the factors set forth in *James* and granting motion); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (relevant factors that weigh in favor of the motion are: "(1) plaintiffs [are] challenging governmental activity; (2) plaintiffs [are] required to disclose information of the utmost intimacy; and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.").[1] Each of the factors described above weigh heavily in favor of granting the motion, *infra.*

In light of the passions aroused by issues touching upon religion, courts routinely allow

---

[1] *See also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ("Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge

public school students or their parents to proceed anonymously in Establishment Clause cases. Indeed, courts normally, if not as a matter of course, grant motions to proceed anonymously where, as here, parents or students are challenging government action under the Establishment Clause. *See Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (in granting mother and her two children's motion to proceed anonymously in Establishment Clause case, the court "emphasize[d] the special status and vulnerability of the child-litigants, the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes, and the fundamental privateness of the religious beliefs."). *See also Santa Fe Indep. Sch. Dist. v. Doe*, 530 U.S. 290, 294 (2000) (permitting "(Does) to litigate anonymously to protect them from intimidation or harassment" in Establishment Clause case against a school district); *Am. Humanist Ass'n v. Greenville County Sch. Dist.*, 571 Fed. Appx. 250 (4th Cir. S.C. 2014) (reversing denial of motion for anonymity in Establishment Clause case against school district; district court granted motion for anonymity on remand); *Doe v. Elmbrook Sch. Dist.*, 687 F.3d 840, 843 (7th Cir. 2012), *cert. denied*, 134 S. Ct. 2283 (2014) (allowing plaintiffs to proceed anonymously and ruling that school district violated Establishment Clause by holding public school graduations in a Christian church); *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) (allowing parents of school children to proceed anonymously and ruling that school board's practice of allowing religious instruction in the public schools violated Establishment Clause); *Doe v. Sch. Bd.*, 274 F.3d 289 (5th Cir. 2001) (anonymity permitted in parent and student's challenge to statute authorizing prayer in classrooms and holding that the statute violated the Establishment Clause); *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 166 (5th Cir. 1993) (parents permitted to sue anonymously and school officials' supervision of student-initiated and student-led prayers preceding basketball games violated Establishment Clause); *Doe v. Small*, 934 F.2d 783 (7th Cir. 1991) (anonymity permitted in Establishment Clause case); *Doe v. Village of Crestwood*, 917 F.2d 1476 (7th Cir. 1990) (same); *Does 1 v. Enfield Pub. Sch.*, 716 F. Supp. 2d

172, 176 n.4 (D. Conn. 2010) (plaintiffs, two high school seniors and their parents, permitted to proceed pseudonymously in challenge to school's practice of holding graduations in church and ruling that said practice violated the Establishment Clause); *Doe v. Wilson Cty. Sch.*, 564 F. Supp. 2d 766, 771 (M.D. Tenn. 2008) (parents, on behalf of their elementary school-aged son, permitted to proceed anonymously and ruling that various practices of school district violated Establishment Clause); *Roe v. Tangipahoa Parish Sch. Bd.*, 2008 U.S. Dist. LEXIS 32793, at *10-12 (E.D. La. Apr. 22, 2008) (allowing parent anonymity and holding that school district violated Establishment Clause by permitting the distribution of Gideon Bibles during school hours); *Doe v. Gossage*, 2006 U.S. Dist. LEXIS 34613, *2, *19-20 (W.D. Ky. 2006) (allowing parent to proceed anonymously in action to enjoin prayers at public school graduations and holding that such prayers violated Establishment Clause); *Doe v. S. Iron R-1 Sch. Dist.*, 453 F. Supp. 2d 1093 (E.D. Mo. 2006), *aff'd*, 498 F.3d 878 (8th Cir. 2007) (allowing parents to proceed anonymously and holding that "allowing distribution of Bibles" during the school day violated Establishment Clause); *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152 (M.D. N.C. 2004) (university students permitted to proceed anonymously against university on Establishment Clause claim); *Doe v. Barrow County*, 219 F.R.D. 189, 192 (N.D. Ga. 2003) (plaintiff was permitted to proceed anonymously in an action challenging the display of the Ten Commandments at a county courthouse); *Doe v. Harlan County School Dist.*, 96 F. Supp. 2d 667 (E.D. Ky. 2000) (parents of child who attended a middle school were permitted to proceed pseudonymously in challenging the school district's practice of hanging the Ten Commandments in classrooms; the anonymity would not adversely affect defendants, plaintiffs were challenging governmental activity, child plaintiff was involved, and humiliation and harassment of plaintiffs was possible if their identities were disclosed); *Doe v. Human*, 725 F.Supp. 1503 (W.D. Ark. 1989), *aff'd* 923 F.2d 857 (8th Cir. 1990) (allowing parents to proceed anonymously in Establishment Clause challenge against school district); *Doe v. Aldine Indep. Sch. Dist.*, 563 F.

4

Supp. 883 (S.D. Tex. 1982) (parent and student permitted to proceed anonymously in challenging their school's prayer practice under Establishment Clause and ruling said practice unconstitutional).

    A.  <u>Religion is a quintessentially private and personal matter.</u>

As to the first factor, the nature of this suit requires disclosure of private information about Plaintiffs' minority religious beliefs. The Fifth Circuit, in *Stegall*, 653 F.2d at 185-86, described religion and public manifestations of religious belief to be "perhaps the quintessentially private matter." Atheists, as a religious class, are the most deserving of protection from disclosure in litigation such as this.  Surveys, such as a study by the University of Minnesota published in American Sociological Review in April 2006, have ranked atheists as the most disliked and distrusted minority group in the country, ranking below recent immigrants, Muslims, and gays and lesbians, and other minority groups.[2] Even after the September 11 attacks, a study revealed that while a significant number of Americans would be reluctant to vote for a well-qualified candidate if he or she were Muslim (38%), many more expressed reservations about voting for an Atheist (52%).[3]  To date, only one member of Congress has been *openly* Atheist, which wasn't until 2007.[4] More illuminating is the fact that former Rep. Barney Frank (D-Mass) publically declared his homosexuality in the 1980s but did not admit to being an

---

[2] Penny Edgell, Joseph Gerteis, Douglas Hartmann, *Atheists As "Other": Moral Boundaries and Cultural Membership in American Society*, Am. Soc. Rev. Vol 71, 211 (2006).

[3] The Pew Forum on Religion & Public Life, *News Release, July 24, 2003: Many Wary of Voting For an Atheist or a Muslim,* 1, 10-14 (2003). *See also Faith on the Hill: The Religious Composition of the 113th Congress*, Pew Research Religion & Public Life Project (Nov. 16, 2012), http://www.pewforum.org/2012/11/16/faith-on-the-hill-the-religious-composition-of-the-113th-congress/ ("the greatest disparity, however, is between the percentage of U.S. adults and the percentage of members of Congress who do not identify with any particular religion. About one-in-five U.S. adults describe themselves as atheist, agnostic or 'nothing in particular' . . . But only one member of the new Congress, Kyrsten Sinema (D-Ariz.), is religiously unaffiliated").

[4] Secular Coalition for America, *Congressman Comes Out as Nontheist, Wins Re-election! Secular Coalition Congratulates Rep. Pete Stark of California,* (November 5, 2008).

Atheist until *after retiring* from office.[5]

The Tenth Circuit has permitted litigants to proceed anonymously in cases where for instance, the matter discloses the person had a past substance abuse problem. *See John Roe #2 v. Ogden*, 253 F.3d 1225 (10th Cir. 2001) (recent law school grad and bar applicant permitted to sue anonymously in case challenging state bar's practice of investigation into bar applicants' substance abuse and treatment). *See also Roe v. Cheyenne Mt. Conf. Resort, Inc*., 1999 U.S. App. LEXIS 2611 (10th Cir. 1999) (allowing plaintiff who sued under the ADA to use a pseudonym "for purposes of privacy"). Here, the interests of privacy are even more compelling because the Plaintiffs are atheist school children and their parents, *supra.*

B.  <u>Plaintiffs are at extreme risk for retaliatory physical and mental harm.</u>

The second factor weighs very heavily in Plaintiffs' favor. This "suit - challenging a government activity - forces Plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment" as well as physical and mental harm. *Porter*, 370 F.3d at 560  (parents seeking to enjoin Bible teaching in public schools were allowed to proceed pseudonymously). *See Stegall*, 653 F.2d at 184-86 (anonymity warranted to protect plaintiffs against risk of violence from revelation of unpopular beliefs). Plaintiffs "expect extensive harassment and perhaps even violent reprisals if their identities are disclosed to a . . . community hostile to the viewpoint reflected in plaintiffs' complaint." *Id.* at 186. *See also Harlan County Sch. Dist*., 96 F. Supp. 2d at 671 ("Because of the public's interest in this [Establishment Clause] issue, the plaintiffs may be subjected to humiliation and harassment if their identities are disclosed.").

This is particularly true of Doechild-1 and Doechild-2, ages ten and seven respectively, who will almost certainly be subject to extensive bullying and harassment by their peers if their

---

[5]   *Barney Frank: I'm A 'Pot-Smoking Atheist'* (Aug. 5, 2013), http://washington.cbslocal.com/2013/08/05/barney-frank-im-a-pot-smoking-atheist/.

names are released. Indeed, "the showing of possible harm, the risk of serious social ostracization based upon religious attitudes, and the fundamentally private nature of religious beliefs require[s] that a child litigant remain anonymous." *Id.*

The courts have found it especially appropriate to allow a plaintiff to proceed anonymously in situations where, as here, there is a need to shelter the plaintiff from "social stigmatization, [or] real danger of physical harm." *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987). In *Santa Fe*, 530 U.S. 290, the Supreme Court permitted the school parents to proceed anonymously in a similar Establishment Clause challenge against a school district. Justice Stevens, speaking for the Court, noted, with approval, that the lower court had permitted the plaintiffs to litigate the case anonymously "to protect them from intimidation or harassment." *Id*. at 294 (footnote omitted). A sex offender in *Doe v. City of Albuquerque*, 667 F.3d 1111, 1116 n.1 (10th Cir. 2012) was permitted to proceed "under a pseudonym because he fear[ed] retaliation."

Plaintiffs and their counsel have already experienced intense public scorn in regards to the present litigation. In particular, after the American Humanist Association's ("AHA") legal center sent pre-litigation letters to Defendants regarding the religious practices challenged in this case, AHA's attorneys and other AHA employees received a litany of hate mail and threats from those in favor of the school's policies and practices endorsing Christianity.

Attached herein as Exhibit 5 are a mere sampling of emails AHA employees received following the Operation Christmas Child letters sent in November 2013. One citizen wrote the following email to AHA's attorneys: "I hope you all rot in HELL!!!!! And yes there is a Hell Get over yourselves and stay out of things that are none of your business!!!!!!!!!!!!! Leave Operation Christmas Child ALONE. They are doing more good in this world than you will ever know !!" (Exhibit 5). Other emails to AHA employees include, but are not limited to the following:

- "Proof America is f[***]ed up - this association is a group of anti- humanist by virtue of

their threat to children who have nothing... PIGS! I hope to see one of you face to face....."

- "You are going to sue a school for having a Christmas drive that helps needy children ? I dare you to try that around my home. Come stop our Soldiers toy drive and see what happens to you Scumbags. F[***] you very much."
- "[Subject] Have you considered suicide? [Email Body] If not, now would be a grand time. No one will miss you. I can promise you that."

Fox News published an article dated November 15, 2013, covering AHA's letter regarding Operation Christmas Child.[6] Below is a selection of comments that followed the article:

- "There are a lot of sick people in this great nation. Operation Christmas Child is truly about Christ and if you do not like it; maybe you should be deported or sent to Iraq/Iran. They might care a little more about your thoughts and let our Constitution speak for itself. God Bless America and God Bless the Operation Christmas Child network." (Exhibit 1)
- "the name of the unhappy parent must be released to the media so that person is taking the heat, but no he/she is too cowardly." (Exhibit 1)
- "@megh @77099 if you are brave enough to go to court on something that affects children throughout the nation, you should also show your face to the media. This is not a witch hunt... its a fact hunt little liberal girl." (*Id.*)
- "so called humanists should be gassed to death" (Exhibit 2)
- "In keeping with the Christmas Spirit, these 'humanists' need to be flogged. Everyday, forever." (*Id.*)
- "This humanist trash needs to be taken out and thrown away. The inmates are now running the asylum." (*Id.*)

---

[6] Todd Starnes, "School cancels Operation Christmas Child over lawsuit threats," Fox News, *available at* http://www.foxnews.com/opinion/2013/11/15/school-cancels-operation-christmas-child-over-lawsuit-threats/ (last viewed September 2, 2014).

- "The school didn't have to abide by any threat from these devil worshiping bigots. Continue on and ignore them. In the meantime, reveal the names and pictures of these bigots and harass them a while." (*Id.*).

9News covered AHA's letter regarding Operation Christmas Child at SkyView Academy in an article titled "School leader privately admits 'indefensible' breach of church and state" published on November 21, 2013.[7] Attached herein as Exhibit 3 is a sampling of the comments that followed the article.

Roy Speckhardt, AHA's executive director, was invited to do interview with Megyn Kelly on Fox News to discuss AHA's letter challenging SkyView's participation in Operation Christmas Child.[8] Some of the comments following the video published online are as follows:

- "why don't these idiots get up in arms and suffer lawsuits on the jihadists in our midst?" (Exhibit 4)
- "I would love to get my hands on this Roy POS and give him a Christmas gift..." (*Id.*)
- "What a jerk! I can't believe people like to be so unkind and not caring at all! He needs a knockout!" (*Id.*)
- "Atheist are brainless fools that should be shipped to a deserted island" (*Id.*)
- "Can I shoot this idiot? No? Too bad." (*Id.*)
- "Will never believe in abortion, but it almost makes me wish his mother had!" (*Id.*)
- "These pukes make me sick people like this are trying to ruin this once great Nation ,I wish he lived across the street. :-)" (*Id.*)
- "What the F$#K is wrong with this guy? Somebody do us all a favor and get rid of people

---

[7] Kyle Clark, "School leader privately admits 'indefensible' breach of church and state" 9News, *available at* http://archive.9news.com/comments/365198/188/School-drops-Operation-Christmas-Child-after-lawsuit-threat (last viewed September 2, 2014).
[8] "Megyn Takes on Secularist for Forcing Schools to Cancel Christmas Toy Drive" Fox News, *available at* http://foxnewsinsider.com/2013/11/22/video-megyn-kelly-takes-american-humanist-association-head-after-school-christmas-toy (last viewed September 3, 2014).

like this in society." (*Id.*)

- "Time for some good old fashion butt whooping for these fools. To take Christmas gifts from children is plain out wrong and simply bullying." (*Id.*)
- "WHY ALL ATHEIST DON'T GO TO COMMUNIST COUNTRIES AND LEAVE CHRISTIANITY ALONE ONCE AND FOR ALL. ATHEIST TAKE THE NEXT SHIP BECAUSE YOU DON'T CARE THAT CHILDREN GO HUNGRY OR NO TOY." (*Id.*)
- "Speckhardt---Nazi overtones---get the hell out of here--why give him space...we have celebrated Christmas for ages----Bob Hope—'Christmas Show' and God knows how many more---the songs that were inspired and written because of the Christmas Spirit---the Holy songs --given to people from God and it spread all over the world---Silent Night--written by a German teacher and Reverend---get men and women like these a HOLY BOOT out of America---and anyone who listens to them--they fall in the ditch as well---Satans diciples....wake up Americans and Canadians----get them out of here...." (*Id.*).

AHA's Executive Director received numerous threatening and hateful personal Facebook messages from those opposed to AHA's letters challenging the Operation Christmas Child program as well. These messages included, but are certainly not limited to, the following:

- Tony Johnson: "YOU ARE A FICKING ASS HOLE YOU BETTER RUN HIDE ANY PERSON LIKE YOU NEEDS THERE ASS KICK WHERE IN THE HELL TO YOU GET OFF SAY NO TO TOYS FOR TOTS KEEP YOUR YOU BETTER NOT SHOW YOUR FACE ON TV ANYMORE YOU ARE JUST A FKING PUNK TO ME I TAKE IT VERY PERSONAL TO GIVE KIDS TOYS FROM MY CHURC" (Exhibit 6)
- Al Charuk: "try and bring this shit on my street you cocksucker.... you stop a toy drive? come and try that on my street you fucking dick licker..." (*Id.*).
- Tammy Williams Chambers: "YOU MY FRIEND ARE A SORRY SOB FOR YOUR 'THREAT TO SUE' THE SCHOOLS OVER THE CHRISTMAS TOY DRIVE. SO

10

> F[***]ING WHAT IF THE SCHOOLS PARTNER WITH AN EVANGELICAL GROUP TO SEE THAT ALL KIDS GET TO HAVE CHRISTMAS! I GUESS NOW YOU NEED TO SUE ALL SCHOOLS AFFILIATED WITH CHURCHES THAT SPONSOR 'BACKPACK' PROGRAMS FOR SCHOOL SUPPLIES OR AFTER SCHOOL MEAL PROGRAMS FOR KIDS TO HAVE FOOD. YOU MY FRIEND ARE AN ASSHOLE AND DESERVE TO ROT IN HELL! YOUR FRIEND! TAMMY CHAMBERS!" (*Id.*).

- Michael Dunson: "Hello there how are you doing? I have a question for you, was your mom a whore and a slut? Is this why you became who you are today? You just probably ruined a lot of little children Christmas because of your stupid beliefs. Are you married? or do you have a boyfriend? Where you raped and molested when you were little? This could be another reason why you became who you are today, a no good piece of shit. I really do believe that your mother was a nice person but what happened to your sorry little ass?" (*Id.*).

The above comments, threats, emails and Facebook messages are just a mere sampling of the types of reactions Plaintiffs expect to receive if their identities are disclosed. It bears emphasis that the hate mail and threats listed above were merely in response to *letters* the AHA sent regarding Operation Christmas Child. The present *litigation* challenging the School District's participation in this religious activity as well as other proselytizing activities is likely to produce even greater and more serious public reactions. As such, the second factor alone is grounds for granting anonymity in this case.

C.  <u>The Motion seeks to protect the identity of young school children.</u>

The third factor also tips strongly in favor of granting the Motion, as Plaintiffs are parents of minor children, and minor children themselves, which is an "especially persuasive" and "significant" factor in favor of granting the motion. *Stegall*, 653 F.2d at 186 ("The gravity of the danger posed by the threats of retaliation against the [plaintiffs] for filing this lawsuit must also be assessed in light of the special vulnerability of these child-plaintiffs."). *See also Porter*, 370

F.3d at 560 ("Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: . . . (4) whether the plaintiffs are children."); *James*, 6 F.3d at 241 (parents could proceed anonymously to protect their minor children); *Harlan County Sch. Dist.*, 96 F. Supp. 2d at 671 ("Because this case also involves a religious matter, a child litigant, and a community which is highly interested in this issue's resolution, a balancing of interests justifies the plaintiffs' continued anonymity."). The young ages of Doechild-1 and Doechild-2 are a particularly "significant factor in the matrix of considerations arguing for anonymity here." *Stegall*, 653 F.2d at 186. As stated above, the Supreme Court in *Santa Fe* recognized the danger to children in cases involving religious dissent and has permitted pseudonymous filings in precisely this type of litigation.[9]

 D.  <u>The action is against a governmental party to vindicate constitutional rights.</u>

The fourth factor is clearly satisfied in Plaintiffs' favor because the Plaintiffs are suing the government, rather than a private party, to vindicate their constitutional rights. *James*, 6 F.3d at 238 ("the action is against a governmental or private party"); *Stegall*, 653 F.2d at 185-86 ("The Does clearly challenge governmental activity"); *Frank*, 951 F.2d at 323 ("plaintiffs challenging governmental activity"); *Harlan County Sch. Dist.*, 96 F. Supp. 2d at 670-71 ("By challenging the school district's practice of hanging the Ten Commandments in classrooms, the plaintiffs are challenging governmental activity."). In *Stegall*, 653 F.2d at 186, the Fifth Circuit granted the school children's motion to proceed anonymously because they were suing their school district in an Establishment Clause case, reasoning, as is relevant here:

> The Does clearly challenge governmental activity. . . . Here, the Does complain of public manifestations of religious belief; religion is perhaps the quintessentially private matter. Although they do not confess either illegal acts or purposes, the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy

---

[9] Of course, age is not a dispositive factor and adult plaintiffs have been granted anonymity in sensitive cases such as this. *See Barrow County*, 219 F.R.D. at 192 (adult plaintiff granted anonymity in Establishment Clause case).

associated with criminal behavior.

Thus, the fourth factor weighs in favor of granting the Motion.

E. <u>There is no risk of unfairness to Defendants.</u>

Finally, allowing Plaintiffs to proceed anonymously will not in any way prejudice Defendants. As the case progresses, all parties will have full discovery rights and will only be minimally inconvenienced, if at all, by the restriction that documents containing the true name of the plaintiffs be redacted, or if necessary, filed under seal. *See Heil*, 2008 U.S. Dist. LEXIS 94551, at *10 ("It also does not appear that Defendants' ability to conduct discovery or mount a defense would be impaired by allowing Plaintiff to proceed anonymously."). *See also Barrow County*, 219 F.R.D. at 194 ("The court notes that the inconvenience to defendants should be relatively low. This is not a case that will be determined by plaintiff's credibility or recitation of facts. Rather, as long as plaintiff has standing to sue, this case will depend on the resolution of a legal question: Does the display of the Ten Commandments in the county courthouse violate the Constitution?"). These additional factors weigh in favor of granting this motion. *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y. 1988). In fact, the majority of the Defendants assent to this Motion.

**CONCLUSION**

Plaintiffs are legitimately concerned about the possibility for intimidation, harassment, and physical harm should their identities become public. Each of the factors weighs heavily in favor of granting the Motion, *supra*. Therefore, it is respectfully requested that the Court grant the Motion to Proceed by Pseudonyms to preserve the anonymity of the Plaintiffs.

Respectfully Submitted,

Date: October 27, 2014

/s Monica L. Miller
MONICA L. MILLER

American Humanist Association
1777 T Street N.W., Washington, D.C, 20009
202-238-9088; Fax: 202-238-9003
mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625

DAVID A. NIOSE
Law Offices of David Niose
348 Lunenburg Street, Suite 202, Fitchburg, MA 01420
978-343-0800
dniose@nioselaw.com
MA Bar: 556484

Daniele W. Bonifazi, Colorado Bar No. 30645
BONIFAZI & INDERWISH, P.C.
1873 South Bellaire Street, Suite 1401
Denver, Colorado  80222
Phone Number: 720-208-0111
Fax Number: 720-208-0130
dbonifazi@i-blaw.com

**ATTORNEYS FOR PLAINTIFFS**

**Certificate of Service**

The undersigned hereby certifies that she has served the foregoing Memorandum in Support of the Motion to Proceed by Pseudonyms to Defendants DOUGLAS COUNTY SCHOOL DISTRICT RE-1, DOUGLAS COUNTY BOARD OF EDUCATION, ELIZABETH CELANIA-FAGEN, JOHN GUTIERREZ, and JERRY GOINGS, to their counsel of record, Eric Hall, via email at EHall@lrrlaw.com; and to Defendants MICHAEL MUNIER, WENDY KOCESKI, and LISA NOLAN, to their counsel of record, Barry Arrington, via email at barry@arringtonpc.com, on this day of October 27, 2014. Mr. Hall and Mr. Arrington have agreed to accept service on behalf of their respective clients.

/s Monica L. Miller
MONICA L. MILLER
American Humanist Association
1777 T Street N.W., Washington, D.C, 20009
202-238-9088; Fax: 202-238-9003
mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625

DAVID A. NIOSE
Law Offices of David Niose
348 Lunenburg Street, Suite 202, Fitchburg, MA 01420
978-343-0800
dniose@nioselaw.com
MA Bar: 556484

Daniele W. Bonifazi, Colorado Bar No. 30645
BONIFAZI & INDERWISH, P.C.
1873 South Bellaire Street, Suite 1401
Denver, Colorado  80222
Phone Number: 720-208-0111
Fax Number: 720-208-0130
dbonifazi@i-blaw.com

**ATTORNEYS FOR PLAINTIFFS**