**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02878-RBJ-CBS

AMERICAN HUMANIST ASSOCIATION, INC.,
and JOHN DOE, individually, and as a parent and next friend of DOECHILD-1 and
DOECHILD-2, minors,
and DOECHILD 1, a minor
and DOECHILD 2, a minor
and JACK ROE, individually, and as a parent on behalf of a minor,
and JILL ROE, individually, and as a parent on behalf of a minor,
and JANE ZOE, individually, and as a parent on behalf of a minor,

*Plaintiffs*, *v.*

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
and DOUGLAS COUNTY BOARD OF EDUCATION,
and ELIZABETH CELANIA-FAGEN, in her official capacity as Superintendent of Douglas
County School District,
and JOHN GUTIERREZ, in his official capacity as Principal of Cougar Run Elementary School,
and JERRY GOINGS, in his official capacity as Principal of Highlands Ranch High School
and WENDY KOCESKI in her official capacity as Elementary Principal of SkyView Academy,
and LISA NOLAN, in her official capacity as Executive Director of SkyView Academy,

*Defendants*.

---

**PROTECTIVE ORDER**

---

Plaintiffs American Humanist Association, Inc., John Doe, Doechild 1, Doechild 2, Jack

Roe, Jill Roe, and Jane Zoe ("Plaintiffs"); Defendants Douglas County School District RE-1,

Douglas County Board of Education, Elizabeth Celania-Fagen, John Gutierrez, and Jerry Goings

(jointly referred to as "the School District Defendants"); and Defendants Wendy Koceski and

Lisa Nolan (jointly referred to as "the SkyView Defendants") (collectively, the "Parties"), by and

through their counsel, move the Court for entry of the following Protective Order pursuant to

2005150064_3                          **EXHIBIT A**

Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

CONFIDENTIAL Information (as hereinafter defined) and, as grounds therefor, state as follows:

1.      The Parties have reviewed the Court's practice standards and have tailored the

proposed Protective Order accordingly.

2.      This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as

"CONFIDENTIAL" pursuant to the terms of this Protective Order.

3.      Any Party, through counsel or otherwise, may designate any document, or any

part of any document, as  "CONFIDENTIAL" if that Party has a *bona fide*, good faith belief that

the information contained therein should be protected from public disclosure. Given the nature of

this case, such CONFIDENTIAL information might include, but is not limited to, the following:

student education records, as that term is defined under the Family Educational Rights and

Privacy Act, 20 U.S.C. sec. 1232g; personnel files; and any information that would be protected

from disclosure under the Colorado Open Records Act, C.R.S. 24-72-200.1 *et seq.*

4.      CONFIDENTIAL information shall be used for the sole, strict and limited

purposes of motions, discovery, preparation for trial, and trial in this action, or appeal therefrom.

5.      CONFIDENTIAL documents, materials, and/or information shall not, without the

consent of the Party producing it or further Order of the Court, be disclosed *except that* such

information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the Parties and their designated representatives;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents, witnesses, or potential witnesses;  and

(h)      other persons by written agreement of the Parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain written agreement from such person that he or she will be bound by its provisions.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on every page of such document (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL." Any information designated by a Party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

8.      Prior to designating a document CONFIDENTIAL, the designating Party shall consider whether redacting the sensitive information could provide the desired protection and, if so, redact accordingly in lieu of the designation.

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the objected is made, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision,

-4-

2005150064_3

-5-

the Party designating the information as CONFIDENTIAL shall bear the burden of establishing

that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     Documents designated CONFIDENTIAL shall not be filed with the Court except

when required in connection with motions under Fed.R.Civ.P. 12, 37, or 56, motions to

determine confidentiality under the terms of this Protective Order, motions related to discovery

disputes if the confidential documents are relevant to the motion and in appendices, briefs, or

pleadings relating to an appeal.  In the event it is necessary for the Parties to file

CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed

in accordance with the requirements of D.C.COLO.LCivR 7.2.

12.     The terms of this Protective Order shall survive the termination of this action, and

all protections of this Protective Order shall remain in full effect in perpetuity.

13.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all Parties and an opportunity for them to be heard.

DONE AND ORDERED this 8th day of April, 2015.

                                        BY THE COURT:

                                        _____
                                        R. Brooke Jackson
                                        United States District Judge

2005150064_3