IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02878-RBJ

AMERICAN HUMANIST ASSOCIATION, INC.,
JOHN DOE, individually, and as parent and next friend of DOE CHILD-1 and DOE CHILD-2, minors;
DOE CHILD-1, a minor,
DOE CHILD-2, a minor,
JACK ROE, individually and as a parent on behalf of a minor,
JILL ROE, individually and as parent on behalf of a minor, and
JANE ZOE, individually and as parent on behalf of a minor,

    Plaintiffs,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1,
DOUGLAS COUNTY BOARD OF EDUCATION,
ELIZABETH CELANIA-FAGEN, in her official capacity as Superintendent of Douglas County School District,
JOHN GUTIERREZ, in his official capacity as Principal of Cougar Run Elementary School,
JERRY GOINGS, in his official capacity as Principal of Highlands Ranch High School,
WENDY KOCESKI, in her official capacity as Elementary Principal of SkyView Academy, and
LISA NOLAN, in her official capacity as Executive Director of SkyView Academy,

    Defendants.

---

### ORDER

---

This matter comes before the Court pursuant to an unopposed motion filed by the plaintiffs for an entry of judgment under Rule 54(b) against defendants Wendy Koceski and Lisa Nolan in their official capacities as well as a joint motion (brought by the plaintiffs and these two defendants) for entry of a proposed consent decree. [ECF No. 31]. The Court exercises

jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the requested relief is denied.

This case is still in its early stages. The action was filed on October 22, 2014 and besides a scheduling conference that took place on February 3, 2015 this Court has had little engagement with this lawsuit. The case concerns an allegation that SkyView Academy, a Denver-area school, violated the Establishment Clause of the First Amendment of the United States Constitution by promoting, advancing, endorsing, sponsoring, and affiliating with an evangelical Christian organization known as "Samaritan's Purse" and its evangelical program known as "Operation Christmas Child" ("OCC"). Defendants Ms. Koceski and Ms. Nolan, in their official capacities as elementary principal and executive director of SkyView Academy (collectively referred to as the "SkyView Defendants"), "deny any wrongdoing and specifically deny that [their] agents and/or employees have violated the Establishment Clause of the First Amendment of the United States Constitution." Proposed Consent Decree [ECF No. 31-1] ¶ 5. And yet they do not oppose the motion for an entry of judgment against them and, what's more, jointly move for the issuance of a permanent injunction against them.

The parties ask the Court to find, based on no independent review of its own, that the SkyView Defendants' policies, practices and customs "may have" violated the Establishment Clause. Pursuant to this "finding," if one can call it such, they ask the Court to enter a permanent injunction banning the SkyView Defendants from a lengthy number of activities involving Samaritan's Purse and OCC. But there has been no briefing on these questions and the Court has made no findings in this case.

Furthermore, there is no basis for this Court to enter a judgment against the SkyView Defendants under Fed. R. Civ. P. 54(b). Rule 54(b) permits the Court, within its discretion, to enter final judgment disposing of some claims or some parties in a case involving multiple claims or multiple parties where the entire case is not yet ready for final disposition. "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright at al., *Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982)). In effect, Rule 54(b) is only appropriately called upon once the Court has adjudicated some but not all of the claims in the action, or found in favor of or against some but not all of the parties, and those issues are ripe for appeal. It is meant to be used sparingly in cases where undue hardship would otherwise be felt. *See id.* at 1242. The Court has made no substantive ruling in this action, let alone a dispositive one resolving any of the claims against any of the parties. And the parties do not contend that there is a basis for them to seek immediate appeal to the Tenth Circuit which, if denied, would cause them undue hardship. There are therefore no grounds on which the Court would rightly enter judgment against the SkyView Defendants pursuant to Rule 54(b).

It appears that despite denying any wrongdoing, the SkyView Defendants are open to settling this case. The plaintiffs are free to dismiss the claims against these defendants in exchange for a suitable settlement agreement. The Court will not, however, oversee its terms through the issuance of a permanent injunction nor will it enter judgment against these defendants, whose claims have yet to be adjudicated.

## ORDER

For the foregoing reasons, the Court DENIES Plaintiffs' unopposed motion for entry of judgment against Defendants Koceski and Nolan, in their official capacities, and DENIES the joint motion for entry of a consent decree [ECF No. 31].

DATED this 8th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge